IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:25-cr-257-ECM-JTA |
| | ) | |
| GERRODE T. SMITH | ) | |

**PLEA AGREEMENT**

**I.   BACKGROUND INFORMATION**

**A.   Attorneys**

Defense Attorney:   Karen Jackson

Assistant United States Attorney:   Tara S. Ratz

**B.   Count and Statute Charged**

Count 1:   18 U.S.C. § 371 – Conspiracy
Count 2:   18 U.S.C. § 2113(b) – Bank Theft
Count 3:   18 U.S.C. § 2113(b) – Bank Theft
Count 6:   18 U.S.C. § 2113(b) – Bank Theft
Count 7:   18 U.S.C. § 2113(a) – Bank Robbery

**C.   Counts Pleading Pursuant to Plea Agreement**

Count 2:   18 U.S.C. § 2113(b) – Bank Theft
Count 3:   18 U.S.C. § 2113(b) – Bank Theft
Count 6:   18 U.S.C. § 2113(b) – Bank Theft
Count 7:   18 U.S.C. § 2113(a) – Bank Robbery

**D.   Statutory Penalties**

Counts 2, 3, 6: 18 U.S.C. § 2113(b) – Bank Theft

   A term of imprisonment of not more than 10 years; a fine of not more than $250,000, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

Count 7:   18 U.S.C. § 2113(a) – Bank Robbery

Defendant's Initials: GS

A term of imprisonment of not more than 20 years; a fine of not more than $250,000, or both the fine and imprisonment; a term of supervised release of not more than 3 years; an assessment fee of $100; and an order of restitution.

### E. Elements of the Offense

Counts 2, 3, 6:     18 U.S.C. § 2113(b) – Bank Theft:
  First:     The defendant took and carried away money belonging to MAX Credit Union;
  Second:    That at that time MAX Credit Union, a credit union had its deposits insured by the National Credit Union Association;
  Third:     That the defendant took and carried away such money with the intent to steal; and
  Fourth:    That such money exceeded $1,000 in value.

Count 7:     18 U.S.C. § 2113(a) – Bank Robbery
  First:     The Defendant took money from the presence of another, while that money was in the care or custody of Wells Fargo;
  Second:    Such taking was by force, violence, and intimidation; and
  Third:     The deposits of Wells Fargo were then insured by the Federal Deposit Insurance Corporation.

## II. INTRODUCTION

Tara S. Ratz, Assistant United States Attorney, and Karen Jackson, attorney for the defendant, Gerrode T. Smith, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III. THE GOVERNMENT'S PROVISIONS

1.      Pursuant to Rule 11(c)(1)(B), the government agrees to recommend a sentence at the bottom of the advisory Guidelines range, as calculated by the Court at the sentencing hearing.

2.      Pursuant to Rule 11(c)(1)(B), the government agrees to recommend that, for the purposes of calculating the defendant's advisory Guidelines range: (a) The base offense level is 6, see U.S.S.G. §2B1.1(a)(2); and (b) The government's loss amount is over $550,000 and the defendant is subject to a 14 level increase in his offense level, see §2B1.1(b)(1)(H). The

government reserves the right to argue for or against the application of any other specific offense characteristic or Chapter 3 adjustment. Additionally, the government reserves the right to provide information to the United States Probation Office (Probation) regarding the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

       3.     The government acknowledges that the defendant assisted authorities in the investigation and prosecution of the defendant's own misconduct by timely notifying the government of the defendant's intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and allowing the government and the Court to allocate resources efficiently. If the defendant is eligible for a two-level reduction under U.S.S.G. § 3E1.1(a), as described above, and otherwise qualifies, then the government will seek a one-level reduction pursuant to U.S.S.G. § 3E1.1(b). Should the defendant engage in conduct that releases the government from its obligation to recommend a two-level reduction, see U.S.S.G. § 3E1.1(a), then the government will have no obligation to seek an additional one-level reduction, see U.S.S.G. § 3E1.1(b).

       4.     The government reserves the ability to argue for or against the application of any other specific offense characteristic or Chapter 3 adjustment. Additionally, the government will provide to the United States Probation Office (Probation) all relevant information about the offense, all relevant conduct, and the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

       5.     Pursuant to Rule 11(c)(1)(A), the government agrees that it will not bring or pursue any additional charges against the defendant for the conduct described in the Indictment, or for

Defendant's Initials J.S

conduct determined by the Court at the sentencing hearing to be relevant conduct to the offense to which the defendant is pleading guilty.

6. Pursuant to Rule 11(c)(1)(A), the government agrees that it will, at the sentencing hearing, move to dismiss count 1.

7. The government agrees that, at the sentencing hearing, it will take no position as to the imposition of a fine.

### IV. THE DEFENDANT'S PROVISIONS

**A.    Plea and Sentencing**

8. The defendant agrees to plead guilty to counts 2, 3, 6, and 7 and to make factual admissions of guilt in open court.

9. The defendant reserves the right to request a downward variance, that is, a sentence below the bottom, that is, the lowest number, of the advisory Guidelines range.

10. The defendant acknowledges that the defendant will not be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(B).

11. The defendant understands that the defendant will be provided an opportunity to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

12. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable.

13. The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

Defendant's Initials: *GS*

B. **Fines and Restitution**

14. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution.

15. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate.

16. The defendant agrees that, after the Court enters a final judgment, the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

17. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.

18. The defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

Defendant's Initials G.S

19. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

20. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

21. The defendant agrees to pay the $100 assessment fee per count.

**C.     Freedom of Information Act Waiver**

22. The defendant agrees to and does hereby waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, see 5 U.S.C. § 552, or the Privacy Act of 1974, see 5 U.S.C. § 552a.

### V. FACTUAL BASIS

23. The defendant admits the allegations charged in the Indictment and understands that the nature of the charges to which the plea is offered involves proof as to counts 2, 3, 6, and 7. Specifically, the defendant admits the following to be true and correct:

   a. On April 3, 2024, Defendant knowingly took and carried away money belonging to MAX Credit Union located at 3401 Malcolm Drive, Montgomery, Alabama. This credit union is within the Middle District of Alabama. Individuals involved in these offenses used a common plan to use pry tools to pry open the ATM and remove the cassettes containing U.S. currency, located inside the ATM. At that

time, MAX Credit Union had its deposits insured by the National Credit Union Association. The defendant took and carried away the money with the intent to steal the money.

b.  On April 14, 2024, Defendant knowingly took and carried away money belonging to MAX Credit Union located at 3021 Frederick Road, Suite 1, Opelika, Alabama. This credit union is within the Middle District of Alabama. Individuals involved in these offenses used a common plan to use pry tools to pry open the ATM and remove the cassettes containing U.S. currency, located inside the ATM. At that time, MAX Credit Union had its deposits insured by the National Credit Union Association. The defendant took and carried away the money with the intent to steal the money.

c.  On May 13, 2024, Defendant knowingly took and carried away money belonging to MAX Credit Union located at 11020 Chantilly Parkway, Montgomery, Alabama. This credit union is within the Middle District of Alabama. Individuals involved in these offenses used a common plan to use pry tools to pry open the ATM and remove the cassettes containing U.S. currency, located inside the ATM. At that time, MAX Credit Union had its deposits insured by the National Credit Union Association. The defendant took and carried away the money with the intent to steal the money.

d.  On May 31, 2024, Defendant and other individuals approached a Wells Fargo ATM located at 6420 Atlanta Highway, Montgomery, Alabama. An ATM technician was doing service on the ATM machine. Individuals involved, while using force or intimidation, took the cassettes from the ATM machine while in the presence of the

ATM technician. The cassettes contained U.S. currency. At that time, Wells Fargo had its deposits insured by the Federal Deposit Insurance Corporation.

24. The defendant agrees that, based on the foregoing admitted facts, the Court may determine that there is a factual basis for the plea to be entered. Furthermore, the defendant acknowledges that the Court may use any of the above-stated facts for the purpose of determining the defendant's sentence.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

25. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

26. In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

27. The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except for breaches based on new criminal conduct, as discussed below.

28. The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

29. Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant could be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

30. The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

31. The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers. The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

Defendant's Initials *G.S*

## VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

32. The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney, the government, or Probation.

33. The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in any charging document in this case or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

34. The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and if necessary to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-

Defendant's Initials G.S

examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

35. The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

36. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is the defendant's automatic removal from the United States.

37. The defendant confirms that the entirety of any agreement between the defendant and the government is set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement.

Defendant's Initials: C.S

38. The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

39. The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

40. The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

## IX. THE ATTORNEYS' ACKNOWLEDGEMENTS

41. The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

42. The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

Defendant's Initials: G.S

Respectfully submitted,

KEVIN P. DAVIDSON
ACTING UNITED STATES ATTORNEY

_____       9/16/2025
John J. Geer, III                    Date
Criminal Chief

_____       9/16/2025
Tara S. Ratz                         Date
Assistant United States Attorney

_____       10-29-25
Gerrode T. Smith                     Date
Defendant

_____       10-29-25
Karen Jackson                        Date
Attorney for the Defendant

13                                   Defendant's Initials: GS